UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD S. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV2237 HEA |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner's final decision denying Plaintiff's applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* and for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*, in which he claimed he was disabled because of severe depression with anxiety, fatigue and bipolar disorder. After a hearing, an Administrative Law Judge (ALJ) concluded that Plaintiff was not disabled. Because the Court finds that the ALJ committed no legal error and his decision was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

based on substantial evidence on the record as a whole, the decision is affirmed.

## Procedural History

Plaintiff filed his applications for disability insurance benefits on August 17,2006 and on September 7, 2006, he protectively filed his application for Supplemental Security Income, alleging a disability onset date of January 16, 2006. On October 18, 2006, the Social Security Administration denied his claim for benefits. Upon Plaintiff's request, an administrative hearing was held before an ALJ on August 1, 2008, at which Plaintiff, his wife and a vocational expert testified. On September 16, 2008, the ALJ issued a decision denying Plaintiff's claim for benefits, finding Plaintiff able to perform work in the national economy such as a picking table worker and cleaning worker. On August 24, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff appealed to this Court and simultaneously, filed a new claim. On May 5, 2010, another ALJ determined that Plaintiff became disabled on September 17, 2008. On February 28, 2011, this Court remanded the original claim to the ALJ, limiting the scope of review to the period from January 16, 2006 through September 17, 2008. On September 26, 2011, Plaintiff appeared and testified at a hearing before the ALJ. On October 25, 2011, the ALJ denied Plaintiff's applications. The Appeals Counsel declined to review the remanded decision

under the exceptions ruled. The ALJ's determination thus stands as the final decision of the Commissioner. 42 U.S.C. § 405(g).

In the instant action for judicial review, Plaintiff contends that the ALJ committed legal error by wrongly discounting the opinion of Plaintiff's primary doctor, Dr. Armbruster and the psychological evaluation of Dr. Lipsitz. Plaintiff further argues that the ALJ erred in failing to include reliability elements in his RFC assessment. Finally, Plaintiff argues that the ALJ erred in omitting Plaintiff's limitation on concentration, persistence and pace from the hypothetical posed to the VE. Plaintiff requests that the final decision be reversed and that he be awarded benefits, or that the matter be remanded for further consideration. For the following reasons, the decision of the Commissioner will be affirmed.

**Testimonial Evidence Before the ALJ**

At the hearing on September 26, 2011, Plaintiff testified in response to questions posed by the ALJ and counsel.

At the time of the hearing, Plaintiff was fifty one. He has a couple of years of college in criminal justice and a year of trade school for HVAC. Plaintiff was 6'1" and weighed 260 pounds. He was currently receiving benefits. Plaintiff testified that he last worked at McCormack Baron Ragan, a realty company as a maintenance mechanic in 2005. He had worked for them for about eight years. He

stopped working because he couldn't function.  He became very tired and lethargic.

Plaintiff testified that he saw Dr. Armbruster, a family physician, for depression.  Plaintiff believed that Dr. Armbruster recommended he see the psychiatrist Plaintiff saw, Dr. Ahmad.  Plaintiff testified that he later developed an addiction to Percocet, and then heroin.  Dr. Ahmad sent him to a treatment program.  Plaintiff later went to Valley Hope treatment center.  He left without staying the entire recommended time.  Plaintiff testified that he used his wife's Percocet and that he got his heroin from an old friend.  Plaintiff had recently been to St. Mary's Hospital for detox.  Dr. Ahmad began questioning Plaintiff as to his genuineness and whether he was really just seeking drugs.  Plaintiff also testified that he had been treated for anxiety.  In 2006, Plaintiff had had hallucinations.  He couldn't sleep well.  Plaintiff injured his rotator cuff from a karate injury.

Dr. Magrowshi, a vocational expert, testified at the hearing in response to questions posed by the ALJ.  The ALJ asked him to assume an individual restricted to semiskilled to skilled, light work during the time period in question, able to stand on his feet the better part of a day standing and walking, could lift nothing heavier than 20 pounds, occasionally, 10 pounds frequently.

The VE testified that such a person could perform work as a picking-table worker, and cleaning worker, of which significant numbers of jobs exist in the

national economy.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 16, 2006, the alleged onset date. The ALJ found Plaintiff's residuals of a right shoulder injury with tendinitis, major depression, and substance abuse to be severe impairments, but that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff had the RFC to perform the exertional demands of light work except that he was restricted to unskilled jobs, simple instructions, involving low stress and limited social interaction, and was unable to maintain a reliable work presence. The ALJ found Plaintiff use unable to perform any past relevant work. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff was not able to perform jobs that exist in significant numbers in the national economy, considering Plaintiff's substance abuse. Absent the substance abuse, Plaintiff's remaining limitations would continue to have a severe impairment or combination of impaiments, but they would not meet or equal any of the listed impairments. Absent the substance abuse, the ALJ found that Plaintiff would have the RFC to perform light work with the ability to lift 20 pounds occasionally, 10 pound frequently, and limited to unskilled jobs involving simple

instructions, low stress and limited social interaction. Specifically, mail clerk and cleaning worker. The ALJ thus found Plaintiff not to be under a disability prior to September 17, 2008.

**Discussion**

To be eligible for supplemental security income under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir.1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. See 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). The Commissioner begins by deciding whether the claimant is

engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits her ability to do basic work activities. If the claimant's impairment is not severe, then she is not disabled. The Commissioner then determines whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R., Subpart P, Appendix 1. If so, the claimant is conclusively disabled. At the fourth step, the Commissioner establishes whether the claimant can perform her past relevant work. If the claimant can do so, she is not disabled. Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If not, the claimant is declared disabled and becomes entitled to disability benefits.

In cases involving mental impairments, the Commissioner undergoes an additional evaluation process to determine the severity of such impairment(s). 20 C.F.R. § 416.920a. Specifically, the Commissioner rates the degree of functional loss the claimant suffers as a result of the impairment in the areas of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). If the mental impairment is found to be severe, the Commissioner then determines if it meets or equals a listed mental

disorder. 20 C.F.R. § 416.920a(d)(2). If the severe impairment does not meet or equal a listed mental disorder, the Commissioner proceeds to perform an RFC assessment. 20 C.F.R. § 416.920a(d)(3).

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir.2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir.2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the Commissioner's findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir.2007) (internal quotation marks and citation omitted). "Substantial evidence on the record as a whole ... requires a more scrutinizing analysis." Id. (internal quotation marks and citations omitted).

To determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole, the Court must review the entire administrative record and consider:

1. The credibility findings made by the ALJ.
2. The plaintiff's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the plaintiffs impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment.

*Stewart v. Secretary of Health & Human Servs.*, 957 F.2d 581, 585–86 (8th Cir.1992) (internal citations omitted).

The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Coleman*, 498 F.3d at 770; *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir.1999). However, even though two inconsistent conclusions may be drawn from the evidence, the Commissioner's findings may still be supported by substantial evidence on the record as a whole. *Pearsall*, 274 F.3d at 1217 ( citing *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000)). "[I]f there is substantial evidence on the record as a whole, we must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v.. Sullivan*, 977 F.2d 1249, 1252 (8th Cir.1992) (internal quotation marks and citation omitted); see also *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 977 (8th Cir.2003).

In 1996, Congress eliminated alcoholism or drug addiction as a basis for obtaining social security benefits. See *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir.2010). "An individual shall not be considered disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). The Regulations set out a two-step process in cases involving evidence of substance abuse. First, the ALJ must determine if the claimant's symptoms, regardless of cause, constitute a disability. *Kluesner*, 607 F.3d at 537; 20 C.F.R. § 416.935(a). If the ALJ finds a disability and evidence of substance abuse, the next step is to determine whether the disability would exist in the absence of the substance abuse. *Kluesner*, 607 F.3d at 537. As such, the ALJ's finding of disability "is, in effect, a 'condition precedent' to applying the special rule on alcoholism and drug addiction." Frank S. Bloch, Bloch on Social Security § 3.39 (2003), cited approvingly in *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir .2003). See also *Fastner v. Barnhart*, 324 F.3d 981, 986 (8th Cir .2003) ("Generally, a determination under ... § 416.935(b) is only necessary if the ALJ has found that the sum of that individual's impairments would otherwise amount to a finding of disability.").

Here, upon consideration of all of the effects of Plaintiff's symptoms,

regardless of cause and including those attributable to Plaintiff's opiate use, the ALJ determined that Plaintiff was not disabled. Absent a finding of disability, the ALJ was not required to assess the materiality of Plaintiff's substance abuse or addiction under § 416.935. *Fastner*, 324 F.3d at 986.

**Discounting Opinions of Dr. Armbruster and Dr. Lipsitz**

As his first point, Plaintiff argues that the ALJ erred in wrongly discounting the opinion of Dr. Armbruster and Dr. Lipsitz. Plaintiff claims that the ALJ's determination that Dr. Armbruster's determination of fatigue due to medication and the resulting need for naps and breaks was faulty because there was no evidence Plaintiff ever required adjustments in his medication. He argues that his medications were changed many times by all of his doctors as they made adjustments for continued depression, pain and fatigue. There are, however, no indications that the medications caused significant side effects which would cause the limitations placed on Plaintiff by Dr. Armbruster which would require naps and breaks because of the medication, even with the changes throughout Plaintiff's treatment.

The inconsistencies found by the ALJ are clearly present. Although Plaintiff argues that the more restrictive assessment from Dr. Armbruster in 2008 from 2007 is based on Plaintiff's continued deterioration, Dr. Armbruster failed to set out the

reasons for her limitations. Plaintiff's argument is clearly speculative; it is not based on Dr. Armbruster's specific finding that Plaintiff's condition worsened because of medically ascertainable causes.

With respect to Dr. Lipsitz, the ALJ gave some credit to Dr. Lipsitz's medical source statement only to the extent that they would represent Plaintiff's condition with substance abuse considered. Plaintiff argues that the ALJ did not acknowledge that the medication in Plaintiff's system was prescribed at the time by Dr. Ahmad. This, however, was not the sole factor the ALJ considered in finding Plaintiff's substance abuse was a factor. Plaintiff was not willing to pursue recommended treatment modalities, he continued to take his wife's medication despite consistent advice not to, and Dr. Thompson noted that Plaintiff exhibited drug-seeking behavior. Dr. Ahmad consistently reported opiate-dependence.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding his symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR)

96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

When analyzing a claimant's subjective complaints of pain, the ALJ must consider the five factors from *Polaski v. Heckler*: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. See 739 F.2d 1320, 1322 (8th Cir.1984); see also 20 C.F.R. §§ 404.1529, 416.929. "The ALJ [is] not required to discuss methodically each *Polaski* consideration, so long as he acknowledge[s] and examine[s] those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir.2000). "Because the ALJ [is] in a better position to evaluate credibility, we defer to his credibility determinations as long as they [are] supported by good reasons and substantial evidence." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

Here, the ALJ did rely on some medical evidence in determining Plaintiff's RFC. The ALJ in making his RFC determination considered the entire record, including Plaintiff's medical records, Plaintiff's testimony, and the conflicts between the two, and the medical opinions of record.

Plaintiff's medical records support the ALJ's RFC determination that absent substance abuse, Plaintiff could perform unskilled work. For instance, Plaintiff was prescribed no assistive devices, he did not complete programs for detox, he continued to use his wife's medicine and exhibited drug-seeking behavior. There is nothing in the record to explain the difference in Dr. Armbruster's 2007 and 2008 evaluation.

"Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.1995). Before a claimant is denied benefits because of a failure to follow a prescribed course of treatment, the ALJ must examine the circumstances surrounding such failure and determine on the basis of the evidence of record whether the prescribed treatment would restore the claimant's ability to work or sufficiently improve her condition. *Burnside v. Apfel*, 223 F.3d 840, 843–44 (8th Cir.2000); 20 C.F.R. § 416.930(a).

The ALJ's reliance on Plaintiff's treatment notes, his own testimony, and in addition to his continued diagnosis of drug abuse, and unable to perform *any* kind of work of constitutes substantial evidence supporting the ALJ's RFC determination.

The ALJ discussed his reasons for his conclusions. Because the ALJ properly applied Polaski and provided valid reasons for discounting the assessment, the Court finds the ALJ did not err.

**VE**

Plaintiff argues that the ALJ formulated the hypothetical in an incorrect way. The hypothetical posed was in terms of "simpler types of jobs in a low-stress environment. Plaintiff argues that the ALJ was required to present the hypothetical expressly to limitations on concentration, persistence, and pace in order to focus the VE's attention on the limitations. The Court is dissuaded that the VE, an expert in vocations, was not focused on the types of limitations imposed on Plaintiff. Clearly this terminology sufficiently describes concentration, persistence and pace. Simpler deals with concentration and persistence; low stress, pace.

## Conclusion

For all of the foregoing reasons, the Commissioner's decision that Plaintiff was not under a disability since January 17, 2006, is affirmed. Because the

Commissioner committed no legal error and there is substantial evidence on the record as a whole to support the Commissioner's decision, the Court may not reverse the decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court might have reached a different conclusion. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir.2001); see also *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir.2011).

Accordingly,

**IT IS HEREBY ORDERED that** the decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 22nd day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE